UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ST. JOHN,

Plaintiff,

- against -

RELIANCE COMMUNICATIONS; PARVEEN "MIKE" NARULA; and/or any other related entities,

Defendants.

**Index No.:** 20-cv-2252

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff MICHAEL ST. JOHN ("Plaintiff"), by his attorneys, Bell Law Group, PLLC, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the New York Labor Law Article 6 §§ 190 *et seq.* ("NYLL"), to recover unpaid wages, including overtime wages, owed to Plaintiff.

2. Defendants have consistently failed to pay all wages owed to Plaintiff, including overtime wages, and failed to provide the required written notices of his pay and his termination in violation of the FLSA, the NYLL, and the relevant implementing regulations.

3. Plaintiff has initiated this action seeking all compensation, including unpaid wages which he was deprived of and statutory damages to which he is entitled, plus interest, liquidated damages, equitable, injunctive and declaratory relief, attorneys' fees, and costs, and any other available remedy.

**JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction

over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

6. Plaintiff's claims are properly consolidated as a single action because his claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

**THE PARTIES**

7. Plaintiff is an individual who resides in Suffolk County, New York, and was employed by Defendants as a driver from approximately September 2014 through December 2019. He was paid a flat annual salary regardless of the number of hours he worked. His job duties did not render him exempt from overtime, but Defendants failed to pay him for all hours worked and failed to pay him time-and-one-half his regular hourly wage when he worked more than 40 hours per week.

8. Upon information and belief, Defendant RELIANCE COMMUNICATIONS is a domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and/or principal place of business at 911 Collin Drive, Holbrook, NY 11741.

9. Upon information and belief, Individual Defendant PARVEEN "MIKE" NARULA, who employed Plaintiff jointly with RELIANCE COMMUNICATIONS, is an owner, director, and/or manager of RELIANCE COMMUNICATIONS and/or any other affiliated entities, with a home address at 2 Half Moon Lane, Sands Point, NY 11050.

10. Defendants are a single and/or joint employer under the Labor Law in that they

share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Plaintiff.

11. Upon information and belief, Defendants are an enterprise engaged in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000. Additionally, Plaintiff personally engaged in interstate commerce for purposes of the FLSA by driving Defendant NARULA interstate.

12. Individual Defendant NARULA had the authority, either directly or indirectly, to (1) hire and fire Plaintiff, (2) negotiate the terms and conditions of employment for Plaintiff, (3) set the schedules for Plaintiff, and (4) control the means and methods of how Plaintiff performed his job duties and responsibilities. Thus, the Individual Defendant is an "employer" within the meaning of the FLSA and NYLL.

13. Each Defendant has had substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

**FACTS**

14. From approximately September 2014 until on or about December 26, 2019, Defendants employed Plaintiff as a driver and failed to properly pay him all wages due.

15. Plaintiff typically worked from approximately 7 a.m. (occasionally earlier) until at least 7 p.m., and often several hours later, Monday through Saturday, for a total of approximately 72-80 hours per week, sometimes more.

16. Plaintiff's workdays were typically at least 12 hours long and often as long as 16-18 hours. Occasionally, Plaintiff worked for over 24 hours straight.

17. Plaintiff was paid a flat annual salary of $60,000 and was paid the same amount per week, regardless of how many hours he worked, and was not paid time-and-one-half for all hours

worked over 40 per week.

18. Plaintiff's primary duty involved driving Defendant NARULA around. Plaintiff would sometimes perform other tasks, such as driving Defendant Narula's kids, running errands, and coordinating and directing traffic when Defendant Narula held parties at his home. This work does not qualify for any recognized overtime exemption.

19. Despite the fact that Plaintiff was not exempt from overtime, Defendants paid him a flat yearly salary of $60,000. He received the same amount each week, regardless of how many hours he worked, and was not paid time-and-one-half his regular hourly rate when he worked more than 40 hours per week.

20. A substantial portion of Plaintiff's work took place in Manhattan, where Defendant Narula frequently went for business.

21. After dropping Defendant Narula off at a destination, Plaintiff was required to wait at the location and be available to drive Narula to his next destination at all times. Plaintiff was not free to leave or use any of this time for his own purposes.

22. While Defendant Narula was in Manhattan, at a client's office or other destination, Plaintiff had to circle around the block repeatedly to avoid getting a ticket, because he was required to be available to drive Defendant Narula at a moment's notice, and was not provided a place to park while he waited for Narula.

23. Defendants failed to pay Plaintiff at his regular hourly rate and, where applicable, the proper overtime rate, for all hours worked in a given workweek.

24. Defendants failed to provide Plaintiff with an accurate Wage Theft Notice upon hire or at any time thereafter as required by New York Labor Law § 195.

25. Defendants failed to provide Plaintiff with accurate paystubs that reflected all hours

worked in violation of Labor Law § 195(3).

26. Upon information and belief, Defendants' violations of the Labor Law described herein were willful.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

27. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

28. The FLSA, 29 U.S.C. § 207, requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiff was not exempt from the requirement that Defendants pay him overtime under the FLSA.

29. Defendants knew that Plaintiff worked substantially more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay him overtime for all hours worked in excess of forty (40) per workweek.

30. Pursuant to 29 U.S.C. § 203(e)(1), the term "employee" means "any individual employed by an employer."

31. Pursuant to 29 U.S.C. § 203(d), the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency."

32. Pursuant to 29 U.S.C. § 203(g), "employ" means to "suffer or permit to work."

33. As a person suffered and/or permitted to work by Defendants, Plaintiff is an "employee" as understood in 29 U.S.C. § 203(e)(1).

34. As entities and individuals that hired, directed, and controlled the job performance of Plaintiff, Defendants are "employers" within the meaning of the FLSA and its implanting

regulations.

35. 29 U.S.C. § 207 states, in relevant part, that "[n]o employer shall employ any of his employees…for a workweek longer than forty hours…unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

36. Defendants are employers within the meaning contemplated by the FLSA and its implementing regulations.

37. Plaintiff regularly worked in excess of 40 hours per week. On average, he worked at least 72-80 hours in a typical work week. Plaintiff will be able to provide the exact number of hours he worked in a given week after reviewing the payroll and time records Defendants were required to maintain.

38. Plaintiff was not paid for all of his overtime hours and did not receive overtime compensation at a rate of one and one half his hourly rate for all hours worked over 40 in a given week.

39. Plaintiff was not exempt from overtime compensation.

40. By failing to pay to Plaintiff all earned overtime compensation, Defendant violated the FLSA, 29 U.S.C. § 207, and its implementing regulations and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**NYLL OVERTIME COMPENSATION**

41. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

42. Pursuant to NYLL § 190, the term "employee" means "any person employed for

hire by an employer in any employment."

43. As a person employed for hire by Defendants, Plaintiff is an "employee" as understood in NYLL § 190.

44. Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

45. As entities and individuals that hired, directed, and controlled the job performance of Plaintiff, Defendants are "employers."

46. 12 NYCRR § 142-2.2 states that an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate, when they work more than 40 hours in a given work week.

47. Plaintiff regularly worked in excess of 40 hours per week. On average, he worked at least 72-80 hours in a typical work week. Plaintiff will be able to provide the exact number of hours he worked in a given week after reviewing the payroll and time records Defendants were required to maintain.

48. Plaintiff was not paid for all of his overtime hours and did not receive overtime compensation at a rate of one and one half his hourly rate for all hours worked over 40 in a given week.

49. Plaintiff was not exempt from overtime compensation.

50. Consequently, by failing to pay to Plaintiff all earned overtime compensation, Defendant violated NYLL § 663, § 198, and its implementing regulations and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY WAGES ("GAP TIME") IN VIOLATION OF THE NYLL**

51. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

52. Pursuant to NYLL Article 6, workers such as the Plaintiff are protected from wage underpayments and improper employment practices.

53. Pursuant to NYLL § 191 and the cases interpreting same, workers such as the Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

54. By paying Plaintiff a flat salary regardless of how many hours he worked, Defendants regularly failed to pay Plaintiff at his regular hourly rate for all hours worked, and thus failed to pay him all of his weekly wages "not later than seven calendar days after the end of the week in which the wages are earned" in violation of NYLL § 191.

55. By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**UNLAWFUL DEDUCTIONS IN VIOLATION OF THE NYLL**

56. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs

57. Pursuant to Article 6 of the NYLL, workers such as Plaintiff are protected from wage underpayments and improper employment practices.

58. Pursuant to NYLL § 193, "1. No employer shall make any deduction from the wages of an employee, except deductions which: a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or b. are expressly authorized

in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."

59. Defendants are an "employer" as that term is defined in the Labor Law and cases interpreting the same.

60. Defendants made unlawful deductions from Plaintiff's pay by failing to pay him for all hours worked. These deductions were neither authorized by Plaintiff or for his benefit.

61. By withholding all earned wages from Plaintiff, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions.

62. By the foregoing reasons, Defendants have violated NYLL § 198 and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**VIOLATIONS OF NYLL § 195**

63. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs

64. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment and, for a portion of the Relevant Period, in February of every year, to provide his or her employees, in writing in English and in the language identified by each employee as a primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

65. NYLL § 195(3) requires an employer such as Defendant to "furnish each employee with a statement with every payments of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hours worked, and the number of overtime hours worked…"

66. Plaintiff did not receive proper notice of the required statements regarding compensation, as required by NYLL § 195 at all required intervals.

67. Plaintiff did not receive the notice required by NYLL § 195(1) upon hire or at the required intervals pursuant to NYLL § 195(1).

68. Plaintiff did not receive proper pay stubs that accurately reflected compensation at the appropriate hourly rate for all hours worked, in violation of NYLL § 195(3). Specifically, his paystubs did not show how many hours he worked per week, his hourly rate of pay, or his overtime rate, even though he was non-exempt and Defendants were required to pay him hourly and to pay him overtime for hours worked over 40 per week.

69. Defendants failed to provide Plaintiff with written notice of his termination within five (5) days of terminating his employment, in violation of NYLL § 195(6).

70. By the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiff for the statutory damages set forth in NYLL § 198, plus interest, attorneys' fees, and the costs and disbursements of this action.

**WHEREFORE**, Plaintiff seeks the following relief:

(1)   on the first cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief pursuant to the cited FLSA and regulatory provisions;

(2)   on the second cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(3)   on the third cause of action against the Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(4)   on the third cause of action against the Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(5)   on the fifth cause of action against the Defendants in an amount to be determined at trial, including but not limited to $5,000 for Defendants' violations of NYLL § 195(1), $5,000 for Defendants' violations of NYLL § 195(3), and $5,000 for Defendants' violations of NYLL § 195(6), plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(6)   on all causes of action, declaratory relief finding that Defendants' compensation practices are unlawful;

(7)   on all causes of action, injunctive relief enjoining Defendants from continuing their unlawful practices;

(8)   together with such other and further legal, equitable, declaratory or other relief the

Court may deem appropriate.

Dated: Garden City, New York
March 13, 2020

Respectfully submitted,

BELL LAW GROUP, PLLC

By: __________/s/__________________

Laura R. Reznick, Esq.
100 Quentin Roosevelt Boulevard
Suite 208
Garden City, NY 11530
Tel: 516.280.3008
Fax: 212.656.1845
lr@belllg.com
*Attorneys for Plaintiff*